IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE JUAN HARRIS,

    **Plaintiff,**

    v.

ED OWENS, et al.,

    **Defendants.**

Case No. 15-3240-SAC-DJW

## MEMORANDUM AND ORDER

Plaintiff filed the instant action on October 14, 2015. The next day the Clerk's Office sent Plaintiff a Notice of Deficiency (Doc. 2), alerting him to the fact that his complaint was not on court-approved forms and that he neither paid the filing fee nor filed a motion to proceed in forma pauperis (or provided an inmate account statement). A few days later Plaintiff provided his complaint on a court-approved form, his prisoner account statement, and a motion to proceed in forma pauperis. On March 28, 2016, the Court granted his Motion to Proceed In Forma Pauperis (Doc. 6), assessing an initial filing fee of $72.50 which Plaintiff paid. On June 28, 2016, U.S. Magistrate Judge David J. Waxse ordered Plaintiff to show good cause to the undersigned as to why his case should not be dismissed for failure to exhaust his state court remedies—a requirement under 28 U.S.C. § 2254. Despite seeking monetary damages, Plaintiff's action is best construed as a habeas complaint under § 2254 because Plaintiff attacks his conviction. Specifically, he (1) attacks his arrest as warrantless and unreasonable, (2) alleges the officers interrogated him after he requested a lawyer, and (3) indicates that he filed a state habeas action pursuant to K.S.A. 60-1507 which was denied and appears to be on appeal. The matter before the Court is on Plaintiff's Response to the Court's Order to Show Cause (Doc. 10).

It has long been established that a state prisoner is required to fully and properly "exhaust" all remedies available in the state courts before he files a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1).[1]  This is because "[a] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id.* at 845.  In Kansas, this means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  It is the petitioner's burden to prove that prior to filing his petition in federal court he fully exhausted all state court remedies on each of his claims.  Plaintiff's response is short, simply stating that he filed a § 60-1507 action in Lyon County, Kansas state court, it was denied, and it is apparently on appeal.  Plaintiff has thus not met his burden.  The Court dismisses this action without prejudice pursuant to § 2254(b)(1) for failure to exhaust his state court remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed without prejudice for Plaintiff's failure to exhaust his state court remedies.

**IT IS SO ORDERED.**

Dated August 12, 2016, at Kansas City, Kansas.

s/Sam A. Crow<br>
Sam A. Crow, U.S. District Senior Judge

---

[1] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that B- (A) the applicant has exhausted the remedies available in the courts of the State. . . .